Filed 10/10/24  P. v. Mendoza CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | E082603 |
| Plaintiff and Respondent, |  |
| v. | (Super.Ct.No. RIF2204945) |
| VICTOR DOMINGO MENDOZA, | OPINION |
| Defendant and Appellant. |  |

APPEAL from the Superior Court of Riverside County.  Randolph Rogers, Judge.

(Retired judge of the L.A. Sup. Ct. assigned by the Chief Justice pursuant to art. VI, § 6

of the Cal. Const.)  Affirmed.

Jan B. Norman, under appointment by the Court of Appeal, for Defendant and

Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Victor Domingo Mendoza got into an argument with his girlfriend. In the course of the altercation, defendant fired a gun and took the woman's cell phone and purse.

A jury found defendant guilty of four offenses: (i) robbery (Pen. Code, § 211,[1] count 2); (ii) being a felon (defendant was convicted in 2008 of burglary of a dwelling) in possession of a firearm (§ 29800, count 3); (iii) carrying a loaded firearm in a public place (§ 25850, subd. (c)(1), count 4); and (iv) assault with a firearm (§ 245, subd. (a)(2), count 5). It also found true a personal use of a firearm enhancement alleged in connection with count 5 (§§ 12022.53, subd. (b), 1192.7, (c)(8)). The jury found defendant not guilty of attempted murder (§§ 664, 187, count 1). Defendant stipulated that he suffered a robbery strike in 2005.

The trial court sentenced defendant to a total term of 10 years consisting of (i) a three-year midterm sentence for the assault with a firearm, doubled because of the prior strike, (ii) a concurrent four-year term for the personal use of a firearm, (iii) a concurrent three-year sentence for the robbery, (iv) and one year each for being a felon in possession of a firearm and carrying a loaded firearm in a public place, which were stayed pursuant to section 654. The court exercised its discretion not to impose a five-year sentence for the 2005 robbery and struck the 2008 burglary strike.

Defendant timely appealed the judgment and we appointed counsel to represent him on appeal.

---

[1]     All statutory references are to the Penal Code.

## DISCUSSION

Defendant's counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 setting forth statements of the case and facts. Counsel considered two issues: (1) whether defendant's trial counsel failed to provide effective assistance by not moving to suppress defendant's statements on the ground of insufficient compliance with the warning requirements of *Miranda v. Arizona* (1966) 384 U.S. 436, and (ii) whether defendant's trial counsel failed to provide effective assistance by not objecting to a lack of foundation for playing a Ring camera surveillance video.

We offered defendant an opportunity to file a personal supplemental brief, which he has not done.

Pursuant to the mandate of *People v. Kelly* (200) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ

P. J.


We concur:

MILLER

J.

RAPHAEL

J.